594

## Smith's Estate

*Percy Allen Rose*, for appellant;  *P. G. Cober*, for register of wills.

BOOSE, P. J., June 6, 1932.—George A. Smith, the above-named decedent, died testate on May 18, 1931, and by his last will and testament he named, constituted and appointed his wife, Harriet C. Smith, and the Windber Trust Company executors. On September 25, 1931, the appraisement of the estate of said decedent for the purpose of transfer inheritance tax was filed in the register's office. On October 12, 1931, said executors appealed from said appraisement. The appeal is in the following language:

"The undersigned hereby appeal to the orphans' court of said county from the appraisement of the estate of the said George A. Smith, deceased, by the appraiser duly appointed by the Register of Wills of the said County of Somerset.                                                  "HARRIET C. SMITH,
                                                  WINBER TRUST COMPANY,
                                                  By R. W. MANEVAL,
                                                           "Trust Officer.
          "Executors under the last will and
          testament of George A. Smith, deceased."

On December 4, 1931, counsel for the Commonwealth moved to dismiss this appeal for the reason that the appeal fails to specify any or all of the objections to the appraisement as required by the Act of June 22, 1931, P. L. 689. Notwithstanding this preliminary objection, we proceeded to hear the appeal upon its merits. In this we think there was clear error.

The Act of June 22, 1931, P. L. 689, amending section thirteen of the Act of June 20, 1919, P. L. 521, expressly provides that "The appeal shall specify all the objections to said appraisement, and any objections not specified in the appeal shall not be considered by the court."

The requirements of this act are mandatory, and in the absence of compliance therewith the court acquires no jurisdiction of the appeal. The purpose of the act is to prevent frivolous or groundless appeals; and to deny to the court the right to hear and determine the same unless the objections to the appraisement shall be specifically stated in the appeal. Determined by this rule, the appeal in the above estate has no standing and should have been dismissed without a hearing upon the merits.

The above-cited and quoted act was approved on June 22, 1931; and under the provisions of the Act of May 17, 1929, P. L. 1808, the same became effective on September 1, 1931. The appeal was not taken until October 12, 1931; and, therefore, it comes within the provisions of the amending act.

Now, June 6, 1932, the appeal is dismissed.